PROB. 12B
(7/93)

ORIGINAL

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 2 2006

at 11 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  BRIAN M. KANESHIRO          Case Number:  CR 01-00456HG-01

Name of Sentencing Judicial Officer:    The Honorable Helen Gillmor
U.S. District Judge

Date of Original Sentence:  4/15/2002

Original Offense:    Count 1:  Bank Embezzlement, in violation of 18 U.S.C. § 656, a Class B felony

Count 2:  Criminal Forfeiture, in violation of 18 U.S.C. § 982

Original Sentence:   Twenty-eight (28) months of imprisonment as to Count 1 of the Information, followed by five (5) years of supervised release as to Count 1 of the Information.  The following special conditions were also ordered:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a mental health program, to include gambling addiction treatment services, at the discretion and direction of the Probation Office; 3) That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 4) That the defendant is prohibited from engaging in gambling or games of chance or using the Internet for this purpose; and 5) That the restitution of $714,713.18 is due immediately to the Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest, if applicable in this case, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Modification of
Supervision:    On 1/6/2006, the Court modified the offender's supervised release to include the following special condition: 6) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 6/8/2004

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

7)   *That the defendant shall maintain a single personal bank account, into which all income, financial proceeds, and gains shall be deposited and from which all expenses shall be paid.*

8)   *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

As the Court may recall, on 1/6/2006, the offender's supervised release conditions were modified to include a "no lines of credit" condition after it was reported that the offender failed to make restitution payments for the months of September and October 2005. Although the offender subsequently came into compliance with restitution payments according to the collection policy of the Probation Office, this officer noticed that the offender continued to: 1) move funds between his saving and checking account to cover expenses; and 2) had consistently been charged by the bank for having insufficient funds to cover his checks.

On 4/28/2006, this officer reviewed the offender's Monthly Supervision Reports, bank statements and pay statements for the period June 2004 to March 2006. A source of funds analysis was also conducted to determine whether the offender had unreported income. A result of that financial investigation revealed the following violations.

Prob 12B
(7/93)

3

### Violation No. 1:  Failure to submit requested financial information:

Pursuant to Special Condition No. 3, the offender is required to submit all requested financial information.  In this regard, during supervision processing and throughout the offender's supervision, this officer has reminded the offender that he needs to submit his bank statements with each month's Monthly Supervision Report (MSR).

A review of the offender's bank statements between June 2004 and March 2006 revealed the offender failed to submit the following checking and/or savings accounts statements with Central Pacific Bank:

| MONTH / PERIOD | TYPE OF ACCOUNT |
| --- | --- |
| 7/18/04 to 8/16/04 | Checking |
| 8/31/04 to 9/30/04 | Savings |
| 9/16/04 to 10/17/04 | Checking |
| 11/16/04 to 12/16/04 | Checking |
| 1/31/05 to 3/31/05 | Savings |
| 3/16/05 to 4/16/05 | Checking |
| 6/30/05 to 9/30/05 | Savings |

### Violation No. 2:  Failure to submit requested financial information, untruthful Monthly Supervision Reports (MSRs), and willful nonpayment of restitution:

Pursuant to Special Condition No. 3, the offender is required to submit all requested financial information.  In this regard, during supervision processing and throughout the offender's supervision, this officer has reminded the offender that he needs to submit his pay statements from his employment with California Pizza Kitchen (CPK) and Monterrey Bay Canners (MBC) with each month's Monthly Supervision Report (MSR).  The offender was also advised of the Probation Office's collection policy.  In this regard, the offender was informed that if his net monthly net income was $1,200 or more, his restitution for the following month would be 25 percent of his net income.

Prob 12B  
(7/93)

4

     A review of the offender's pay statements from CPK and MBC for the period June 2006 to March 2006 indicated the offender received two different pay checks from MBC. In this regard, the offender was holding two different positions within MBC and was paid a different hourly rate. Specifically, the offender's two employee numbers were 1706 and 1624. A further review of the pay stubs for CPK and MBC revealed the following pay stubs were not submitted with the offender's MSRs:

| EMPLOYER | PAY STUB |
|---|---|
| California Pizza Kitchen | 10/16/05 |
| Monterey Bay Canners 1706 | 8/25/05 to 9/7/05 |
| California Pizza Kitchen | 5/29/05 |
| Monterey Bay Canners 1706 | 8/12/04 to 8/25/04 |
| Monterey Bay Canners 1624 | 8/12/04 to 8/25/04 |
| Monterey Bay Canners 1624 | 8/26/04 to 9/8/04 |

     A further review of the pay statements prior to and after the missing pay stubs reveal the offender failed to report approximately $1,130.45 in net income based upon wages and reported gratuities from CPK and MBC. In terms of what the offender failed to pay in restitution on account of the missing pay statements, this officer's estimation is conservatively at least 25 percent of the $1,130.45, or $282.61. This amount is "conservative" in that this officer did not review the offender's monthly payment history to determine whether the offender would have paid 25 percent of his net income over $1,200 or whether he actually paid 10 percent of his gross income for the month he failed to submit his pay stubs.

     Due to the unreported income, the offender willfully did not make full or any restitution payments for the months of August 2004, May 2005, September 2005, and October 2005.

     On 5/1/2006, the offender reported to the Probation Office as instructed. The offender was informed of the violations and asked to provide a response. The offender apologized for the violations and indicated that while he may have been negligent in submitting the required documentation, he did not intentionally try to hide documentation and/or not pay full restitution. The offender subsequently agreed to provide all of the missing documentation.

   This officer also addressed the concern regarding his check drafts and the insufficient fund charges. In essence, this officer advised the offender that at minimum, it indicated that he was poor at managing his money, and at worst, he was drafting checks knowing he did not have sufficient funds to cover those drafted checks. The offender denied that he was "check-kiting," and reported that he was "bad" at managing his checking and savings account. In this regard, the offender reported that because the majority of his income is received as gratuity on a nightly basis, he fails to either make deposits in a timely manner, or spends it before he realizes that he did not save a sufficient amount to cover his drafts.

   This officer advised the offender that the Court would be notified of his violations. This officer further advised the offender that in light of the violations, his supervised release conditions would be modified to include risk control conditions; specifically, that he maintain a single account, checking or savings, and that a search condition would be requested.

   In light of the violation, the amount of outstanding restitution, and the offender's statements regarding the violations, we respectfully recommend that the Court modify the special conditions to include the above-listed special conditions to address the offender's violations.

   This officer notes that the offender continues to reside with his parents in Pearl City and is employed as a food server for Monterey Bay Canners and California Pizza Kitchen. Additionally, the offender has had no reported law enforcement contact since his release, and has completed nearly two years of Gambler's Anonymous. Further, this officer does not have any information that the offender has reverted to gambling activities.

   Please be advised the offender is entitled to a hearing and counsel before this new condition is imposed. However, a signed Waiver of Hearing to Modify Conditions of Probation/Supervised Release is attached. The offender waives his right to a hearing and to assistance of counsel. He further agrees to the modification of the conditions of supervision. The U.S. Attorney's Office and the offender's counsel, Rustam A. Barbee, Esq., have been notified of the proposed modification and have no objections.

Prob 12B
(7/93)

6

    Please also be advised that further violations of this nature and/or violations related to nonpayment of restitution will result in a request for Court action.

Respectfully submitted by,

*[signature]*

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

*[signature]* for

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/10/2006

Prob 12B
(7/93)

7

---

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____5·11·06_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

   7)   That the defendant shall maintain a single personal bank account, into which all income, financial proceeds, and gains shall be deposited and from which all expenses shall be paid.

   8)   That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Witness: _____          Signed: _____
         DEREK M. KIM                              BRIAN M. KANESHIRO
         Senior U.S. Probation Officer             Supervised Releasee

                          5/5/06
                   _____
                            Date